**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TESSERA, INC., | § | Civil Action No. 2-05cv-94 LED |
| | § | |
| Plaintiff, | § | The Honorable Leonard Davis |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| MICRON TECHNOLOGY, INC., a Delaware | § | |
| corporation, MICRON SEMICONDUCTOR | § | |
| PRODUCTS, INC., an Idaho corporation, | § | |
| INFINEON TECHNOLOGIES AG, a German | § | |
| corporation, INFINEON TECHNOLOGIES | § | |
| RICHMOND, LP, a Delaware corporation, and | § | |
| INFINEON TECHNOLOGIES NORTH | § | |
| AMERICA CORP., a Delaware corporation, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ANSWER OF DEFENDANTS INFINEON TECHNOLOGIES AG, INFINEON TECHNOLOGIES RICHMOND, LP, AND INFINEON TECHNOLOGIES NORTH AMERICA CORP.

Defendants Infineon Technologies AG, Infineon Technologies Richmond, LP, and

Infineon Technologies North America Corp. (collectively "Infineon") hereby answer the

allegations of the Amended Complaint for Patent Infringement, Antitrust Violations and State

Law Claims ("Amended Complaint") of Plaintiff Tessera, Inc. ("Tessera") as follows:

1.      Infineon denies the allegations contained in paragraph 1.

2.      Infineon admits the allegations of the second sentence of paragraph 2, and admits

that semiconductor packages protect chips from damage and contamination.  Infineon lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

the first and last sentences of paragraph 2 and therefore denies these allegations.  Infineon denies

the remaining allegations contained in paragraph 2.

3.      Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies these allegations.

4.      Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 regarding any other defendants and therefore denies these allegations on this basis.  Infineon denies that it "colluded with others to eliminate from the market technologies competitive to [its] own, in an effort to restrain competition and put Tessera out of business."  Infineon further denies the remaining allegations contained in paragraph 4.

5.      Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 regarding any other defendants and therefore denies these allegations on this basis.  Infineon denies all of the allegations contained in paragraph 5 (including those contained in each of the five bullet points), except Infineon admits the existence of the Federal Trade Commission's investigation into possible illegal activity by Rambus Inc. related to its patent applications for Rambus Interface Technology.  Infineon also admits that the United States Department of Justice conducted an investigation of the DRAM market and that four former employees entered guilty pleas as a result of the investigation.

6.      Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph 6 and therefore denies these allegations.  Infineon denies the remaining allegations of paragraph 6.

7.      Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, therefore, denies these allegations.

8.      Infineon admits that Micron Technology, Inc. and Micron Semiconductor Products, Inc. are referred to collectively as "Micron" in Tessera's Amended Complaint and, for purposes of convenience, will use this term as so defined herein.  Infineon lacks knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations

contained in paragraph 8 and therefore denies these allegations.

9.       Infineon admits the allegations of paragraph 9.

10.      The allegations in paragraph 10 state legal conclusions to which no responsive

pleading is required.  To the extent a responsive pleading is deemed to be required, Infineon

admits that the Amended Complaint purports to assert an action under the patent and antitrust

laws of the United States, as well as the antitrust and common laws of the state of Texas.  To the

extent paragraph 10 contains any other or different allegations, Infineon denies them.

11.      The allegations in paragraph 11 state legal conclusions to which no responsive

pleading is required.  To the extent a responsive pleading is deemed to be required, Infineon

admits that this Court has subject matter jurisdiction over claims arising under the patent and

antitrust laws of the United States under 28 U.S.C. §§ 1331, 1338, 2201, and 2203 as well as

supplemental jurisdiction over claims that are so related to claims arising under the patent and

antitrust laws of the United States that they form part of the same case or controversy under

Article III of the United States Constitution.  To the extent paragraph 11 contains any other or

different allegations, Infineon denies them.

12.      The allegations in paragraph 12 state legal conclusions to which no responsive

pleading is required.  To the extent a responsive pleading is deemed to be required, Infineon

admits that personal jurisdiction exists only with respect to Infineon Technologies North

America Corp.  Infineon denies that personal jurisdiction exists over Infineon Technologies AG

or Infineon Technologies Richmond, LP, and denies that there is any legal or factual basis for

any claim of this purported action.  Infineon Technologies North America Corp. admits that it

has done business in this District and that venue is proper here with respect to it.  To the extent paragraph 12 contains any other or different allegations, Infineon denies them.

13.     Infineon admits that during the 1970s and 1980s, there were advances in microprocessor architecture and increases in processing speed.  To the extent paragraph 13 contains any other or different allegations, Infineon lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies these allegations.

14.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 and therefore denies these allegations.

15.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies these allegations.

16.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies these allegations.

17.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies these allegations.

18.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies these allegations.

19.     Infineon admits the existence of an Federal Trade Commission investigation regarding possible illegal conduct by Rambus Inc. related to its patent applications for Rambus Interface Technology in *In re Rambus*, Docket No. 9302, 2004 WL 390657 (Feb. 23, 2004) (public version).  Infineon further admits that Rambus filed a complaint on May 5, 2004 in the Superior Court of the State of California, *Rambus Inc. v. Micron Tech., Inc.*, Case No. 04-431105.  Except as specifically admitted herein, Infineon denies the allegations in paragraph 19.

20.     Infineon denies the first sentence of paragraph 20 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 20 with respect to Micron and any other DRAM manufacturers and therefore further denies these allegations on that basis. Paragraph 20 further quotes document RX-765, which speaks for itself; thus, Infineon denies Tessera's characterization of this document and all related allegations to the extent that Tessera's characterizations and allegations are inconsistent with RX-765.  To the extent paragraph 20 contains any other or different allegations, Infineon denies them.

21.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 with respect to any of the other defendants and thus denies these allegations on this basis.  To the extent paragraph 21 contains any other or different allegations, Infineon denies them.

22.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 with respect to any of the other defendants and thus denies these allegations on this basis.  To the extent paragraph 22 contains any other or different allegations, Infineon denies them.

23.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and thus denies these allegations on this basis. Further, the document quoted in paragraph 23 speaks for itself so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.  To the extent paragraph 23 contains any other or different allegations, Infineon denies them.

24.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 with respect to other manufacturers and thus denies these allegations on this basis.  Further, the document quoted in paragraph 24 speaks for itself so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.  To the extent paragraph 24 contains any other or different allegations, Infineon denies them.

25.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 with respect to Mr. Lee, Micron, and other SyncLink Consortium members and thus denies these allegations on this basis.  Further, the document quoted in paragraph 25 speaks for itself, so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.  To the extent paragraph 25 contains any other or different allegations, Infineon denies them.

26.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 with respect to Mr. Lee, Micron, Fujitsu, and unnamed Micron "coconspirators" and thus denies these allegations on this basis.  To the extent paragraph 26 contains any other or different allegations, Infineon denies them.

27.     Infineon denies the allegations in the first sentence of paragraph 27.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27.  Further, Infineon denies Tessera's characterizations of and allegations relating to documents RX-1138 and RX-1482 as quoted in paragraph 27 to the extent they are inconsistent with the documents themselves and because the documents speak for themselves.

28.     Infineon denies Tessera's characterizations of and allegations relating to documents RX-1188 and RX-1204 quoted in paragraph 28 to the extent they are inconsistent with the documents themselves and because the documents speak for themselves.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 28.

29.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.  Infineon also denies Tessera's characterizations of and allegations relating to document RX-1208 quoted in paragraph 29 to the extent they are inconsistent with the document itself and because the document speaks for itself.

30.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them.  Further, the document quoted in paragraph 30 speaks for itself so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.

31.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies them.  Further, the document quoted in paragraph 31 speaks for itself so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.

32.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 with respect to Siemens, Micron, and "others" and therefore denies these allegations on this basis.  Further, the document quoted in paragraph 32

speaks for itself, so Infineon denies Tessera's characterization of the document and all related allegations to the extent that these are inconsistent with the document itself.  To the extent paragraph 32 contains any other or different allegations, Infineon denies them.

33.     Infineon denies the first sentence of paragraph 33 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 with respect to other DRAM manufacturers or any of the other defendants and therefore further denies these allegations on this basis.  To the extent paragraph 33 contains any other or different allegations, Infineon denies them.

34.     Infineon denies the first sentence of paragraph 34 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 with respect to Micron, Hyundai, or other DRAM manufacturers and therefore further denies these allegations on this basis.  Further, Infineon denies Tessera's characterization of the document quoted in paragraph 34 and all related allegations to the extent that these are inconsistent with the document itself and because the document quoted in paragraph 34 speaks for itself.  To the extent paragraph 34 contains any other or different allegations, Infineon denies them.

35.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 with respect to Micron, Compaq, computer manufacturers, and other DRAM manufacturers and therefore denies these allegations on this basis.  Infineon denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 35 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 35 contains any other or different allegations, Infineon denies them.

36.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies these allegations on this basis. Infineon denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 36 to the extent they are inconsistent with the document itself and because the document speaks for itself.

37.     Infineon denies the first sentence of paragraph 37 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 with respect to Compaq, Dell, Advanced Micro Devices, and other defendants and therefore further denies these allegations on this basis.  Infineon denies the existence of any scheme, that Infineon participated in any alleged scheme, and that any such alleged scheme "was successful."  Infineon also denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 37 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 37 contains any other or different allegations, Infineon denies them.

38.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies these allegations on this basis.

39.     Infineon denies the first sentence of paragraph 39 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 with respect to any of the other defendants and therefore further denies these allegations on this basis.  Infineon also denies Tessera's characterizations of and allegations relating to the documents quoted in paragraph 39 to the extent they are inconsistent with the documents themselves and because the documents speak for themselves. To the extent paragraph 39 contains any other or different allegations, Infineon denies them.

40.    Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 with respect to any of the other defendants and therefore denies these allegations on this basis.  Infineon also denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 40 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 40 contains any other or different allegations, Infineon denies them.

41.    Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies these allegations on this basis.  Infineon also denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 41 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 41 contains any other or different allegations, Infineon denies them.

42.    Infineon denies the first sentence of paragraph 42.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 with respect to any of the other DRAM manufacturers or Micron and therefore denies these allegations on this basis.  Infineon also denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 42 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 42 contains any other or different allegations, Infineon denies them.

43.    Infineon denies the first sentence of paragraph 43.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 and therefore denies these allegations on this basis.

44.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies these allegations on this basis.

45.     Infineon denies the first sentence of paragraph 45 as it pertains to Infineon. Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 with respect to any of the other defendants and therefore further denies these allegations on this basis.  Infineon also denies Tessera's characterizations of and allegations relating to the document quoted in paragraph 45 to the extent they are inconsistent with the document itself and because the document speaks for itself.  To the extent paragraph 45 contains any other or different allegations, Infineon denies them.

46.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 regarding Micron and therefore denies these allegations on this basis.  Infineon admits the existence of an investigation by the United States Department of Justice.  Infineon further admits that Infineon and four former employees entered guilty pleas as a result of the investigation.  Infineon also admits that these former Infineon employees served or are serving time in prison and paid fines.  Except as specifically admitted herein, the allegations in paragraph 46 are denied.

47.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 regarding Micron and therefore denies these allegations on this basis.  Infineon denies the remaining allegations contained in paragraph 47.

48.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 regarding Micron and therefore denies these allegations on this basis.  Infineon denies the remaining allegations contained in paragraph 48.

49.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 regarding Micron and therefore denies these allegations on this basis.  Infineon denies the remaining allegations contained in paragraph 49.

50.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 regarding Micron and therefore denies these allegations on this basis.  Infineon denies the remaining allegations contained in paragraph 50.

51.     Infineon admits that United States Patent No. 5,679,977 ("the '977 patent") is entitled "Semiconductor Chip Assemblies, Method Of Making Same And Components For Same," that the '977 patent issued on October 21, 1997, and that a copy of the '977 patent is attached to the Amended Complaint as Exhibit A.  Infineon denies that the '977 patent was "duly and legally issued."  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 that Tessera is the owner of all right, title, and interest in and to the '977 patent and therefore denies these allegations on this basis.  Except as specifically admitted, the allegations in paragraph 51 are denied.

52.     Infineon admits that United States Patent No. 5,852,326 ("the '326 patent") is entitled "Face-Up Semiconductor Chip Assembly," that the '326 patent issued on December 22, 1998, and that a copy of the '326 patent is attached to the Amended Complaint as Exhibit B. Infineon denies that the '326 patent was "duly and legally issued."  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 that Tessera is the owner of all right, title, and interest in and to the '326 patent and therefore denies these allegations on this basis.  Except as specifically admitted, the allegations in paragraph 52 are denied.

53.     Infineon admits that United States Patent No. 6,133,627 ("the '627 patent") is entitled "Semiconductor Chip Package With Center Contacts," that the '627 patent issued on October 17, 2000, and that a copy of the '627 patent is attached to the Amended Complaint as Exhibit C.  Infineon denies that the '627 patent was "duly and legally issued."  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 that Tessera is the owner of all right, title, and interest in and to the '627 patent and therefore denies these allegations on this basis.  Except as specifically admitted, the allegations in paragraph 53 are denied.

54.     Infineon admits that United States Patent No. 6,433,419 ("the '419 patent") is entitled "Semiconductor Chip Package With Center Contacts," that the '419 patent issued on August 13, 2002, and that a copy of the '419 patent is attached to the Amended Complaint as Exhibit D.  Infineon denies that the '419 patent was "duly and legally issued."  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 that Tessera is the owner of all right, title, and interest in and to the '419 patent and therefore denies these allegations on this basis.  Except as specifically admitted, the allegations in paragraph 54 are denied.

55.     Infineon admits that United States Patent No. 6,465,893 ("the '893 patent") is entitled "Stacked Chip Assembly," that the '893 patent issued on October 15, 2002, and that a copy of the '893 patent is attached to the Amended Complaint as Exhibit E.  Infineon denies that the '893 patent was "duly and legally issued."  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 that Tessera is the owner of all right, title, and interest in and to the '893 patent and therefore denies these

allegations on this basis.  Except as specifically admitted, the allegations in paragraph 55 are denied.

56.     Infineon admits that Tessera refers to the '977, '326, '627, '419, and '893 patents collectively as the "Tessera Patents" in the Amended Complaint and, for purposes of convenience, will use this term as so defined to refer to the patents-in-suit.  On information and belief, Infineon denies any implication that the patents-in-suit are Tessera's patents.

57.     Infineon admits that synchronous DRAM is a type of computer memory used in personal computer systems, computer workstations, and servers.  Infineon further admits that synchronous DRAM includes RDRAM, SDRAM, DDR SDRAM, and DDR2 SDRAM.  Except as specifically admitted herein, Infineon denies the allegations in paragraph 57.

58.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and therefore denies these allegations on this basis.

59.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 regarding Tessera and Micron and therefore denies these allegations on this basis.  Infineon admits that it manufactures DRAM chips.  To the extent paragraph 59 contains any other or different allegations, Infineon denies them.

60.     Infineon denies paragraph 60 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 60 contains any other or different allegations, Infineon denies them.

61.     Infineon denies paragraph 61 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

61 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 61 contains any other or different allegations, Infineon denies them.

62.     Infineon denies paragraph 62 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 62 contains any other or different allegations, Infineon denies them.

63.     Infineon denies paragraph 63 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 63 contains any other or different allegations, Infineon denies them.

64.     Infineon denies paragraph 64 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 64 contains any other or different allegations, Infineon denies them.

65.     Infineon denies the allegations contained in paragraph 65.

66.     Infineon denies paragraph 66 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 66 contains any other or different allegations, Infineon denies them.

67.     Infineon denies paragraph 67 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 67 contains any other or different allegations, Infineon denies them.

68.     Infineon denies paragraph 68 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 regarding Micron and "others" and therefore further denies these allegations on this basis.  To the extent paragraph 68 contains any other or different allegations, Infineon denies them.

69.     Infineon denies paragraph 69 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 regarding Micron and "others" and therefore further denies these allegations on this basis.  To the extent paragraph 69 contains any other or different allegations, Infineon denies them.

70.     Infineon denies paragraph 70 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 regarding Micron and "others" and therefore further denies these allegations on this basis.  To the extent paragraph 70 contains any other or different allegations, Infineon denies them.

71.     Infineon denies paragraph 71 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 regarding Micron and "others" and therefore further denies these allegations on this basis.  To the extent paragraph 71 contains any other or different allegations, Infineon denies them.

72.     Infineon incorporates by reference the responses to paragraphs 1-71 as though fully set forth herein.

73.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and therefore denies these allegations on this basis.

74.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and therefore denies these allegations on this basis.

75.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies these allegations on this basis.

76.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 and therefore denies these allegations on this basis.

77.     Infineon incorporates by reference the responses to paragraphs 1-71 as though fully set forth herein.

78.     Infineon denies all allegations contained in paragraph 78.

79.     Infineon denies all allegations contained in paragraph 79.

80.     Infineon denies all allegations contained in paragraph 80.

81.     Infineon denies all allegations contained in paragraph 81.

82.     Infineon denies all allegations contained in paragraph 82.

83.     Infineon incorporates by reference the responses to paragraphs 1-71 as though fully set forth herein.

84.     Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 and therefore denies these allegations on this basis. Infineon denies the remaining allegations contained in paragraph 84.

85.     Infineon denies paragraph 85 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 regarding Micron and alleged "coconspirators" and therefore further denies these allegations on this basis.  To the extent paragraph 85 contains any other or different allegations, Infineon denies them.

86.     Infineon denies paragraph 86 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph

86 regarding Micron and therefore further denies these allegations on this basis.  To the extent

paragraph 86 contains any other or different allegations, Infineon denies them.

87.     Infineon incorporates by reference the responses to paragraphs 1-71 as though

fully set forth herein.

88.     Infineon denies paragraph 88 as it pertains to Infineon.  Infineon lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph

88 regarding Micron and therefore denies these allegations on this basis.  Infineon denies the

remaining allegations contained in paragraph 88.

89.     Infineon denies paragraph 89 as it pertains to Infineon.  Infineon lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph

89 regarding Micron and "coconspirators" and therefore further denies these allegations on this

basis.  To the extent paragraph 89 contains any other or different allegations, Infineon denies

them

90.     Infineon denies paragraph 90 as it pertains to Infineon.  Infineon lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph

90 regarding Micron and therefore further denies these allegations on this basis.  To the extent

paragraph 90 contains any other or different allegations, Infineon denies them.

91.     Infineon incorporates by reference the responses to paragraphs 1-71 as though

fully set forth herein.

92.     Infineon lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 92 and therefore denies these allegations on this basis.

93.     Infineon denies paragraph 93 as it pertains to Infineon.  Infineon lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph

93 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 93 contains any other or different allegations, Infineon denies them.

94.     Infineon denies paragraph 94 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 94 contains any other or different allegations, Infineon denies them.

95.     Infineon denies paragraph 95 as it pertains to Infineon.  Infineon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 regarding Micron and therefore further denies these allegations on this basis.  To the extent paragraph 95 contains any other or different allegations, Infineon denies them.

96.     Infineon denies that Tessera is entitled to any relief in this action from either Infineon or this Court, including the relief sought in paragraphs A-J, or otherwise.

97.     Although Infineon does not believe it is obligated to respond to the headings set forth in the Tessera's Complaint, to the extent those headings contain factual allegations, Infineon denies them.

## DEFENSES

98.     By asserting these defenses, Infineon does not intend to take on burdens of proof that it would not otherwise have.

99.     Tessera fails to state a claim upon which relief can be granted because Infineon does not infringe any valid, enforceable claim of any of the Tessera Patents.

100.    Infineon does not infringe any valid, enforceable claim of any of the Tessera Patents.  In addition, Infineon has not directly infringed, contributed to infringement or induced infringement of any valid, enforceable claim of the Tessera Patents; nor is Infineon directly

infringing, contributing to infringement or inducing infringement of any valid, enforceable claim of the Tessera Patents.

101.    Infineon has not willfully infringed and is not willfully infringing any valid, enforceable claim of the Tessera Patents.

102.    The Tessera Patents are invalid, unenforceable, and/or void for failure to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, for example, Sections 102, 103, 112 and 116.

103.    Tessera is estopped from construing any valid claim of any of the Tessera Patents to cover or include, either literally or by application of the doctrine of equivalents, any apparatus manufactured, used, imported, sold, or offered for sale by Infineon because of admissions and statements to the United States Patent and Trademark Office or amendments to the claims during prosecution of each application leading to the issuance of one or more of the Tessera Patents.

104.    Tessera's claims are barred in whole or in part by delay in prosecuting one or more of the applications resulting in the Tessera Patents.

105.    Upon information and belief, the Tessera Patents are unenforceable due to inequitable conduct by at least Igor Khandros and Thomas DiStefano, the inventors of the Tessera Patents.  Upon information and belief, Messrs. Khandros and DiStefano knew that the applications for the Tessera Patents covered subject matter co-invented by Scott Ehrenberg, but they knowingly signed false investorship oaths and prosecuted the applications for the Tessera Patents with an intent to deceive the patent office so they could obtain a patent covering subject matter that they did not invent or co-invented with Scott Ehrenberg.

106.    The Tessera Patents are invalid for failure to satisfy the conditions for priority under 35 U.S.C. § 120.

107.    The claims of the Tessera Patents are invalid and/or unenforceable in whole or in part for double patenting.

108.    Tessera's claims for relief are barred in whole or in part by the applicable statute of limitations set forth in 35 U.S.C. § 286.

109.    Tessera's claims for relief are barred in whole or in part by failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

110.    Tessera's claims for relief are barred in whole or in part by the doctrines of unclean hands, laches, estoppel, and waiver.

111.    Tessera's claims for injunctive relief are barred in light of the fact that Tessera has failed to meet the requirements for preliminary or permanent injunctive relief.

112.    Tessera's claims for injunctive relief and damages based upon the Tessera Patents are barred by equitable estoppel due to Tessera's failure to disclose certain patents and/or patent applications at JEDEC Solid State Technology Association standard-setting meetings.

113.    Pursuant to the patent policy of the JEDEC Solid State Technology Association and the JEDEC JC-11 packaging committee Operating Procedures, Tessera is barred by equitable estoppel from entering into a license with Infineon under the Tessera Patents on anything more than reasonable terms and conditions that are demonstrably free from unfair discrimination.

114.    Tessera's claims are barred in whole or in part by implied license based on Tessera's conduct in promoting BGA packaging at JEDEC, which led Infineon to infer Tessera's

consent to use BGA packaging technology as allegedly disclosed and/or claimed in the Tessera patents in Infineon products.

115.    Tessera's claims are barred in whole or in part by license.

116.    Tessera fails to state a claim upon which relief can be granted under the Sherman Act.

117.    Tessera fails to state a claim upon which relief can be granted under the Texas Business and Commerce Code.

118.    Tessera fails to state a claim upon which relief can be granted under a theory of tortious interference with prospective business relations.

119.    Tessera lacks standing to bring a claim under the Sherman Act.

120.    Tessera lacks standing to bring a claim under the Texas Business and Commerce Code.

121.    All or part of Tessera's antitrust claims are also barred by the applicable statutes of limitations, because they were not brought within the statutory period and Tessera cannot establish fraudulent concealment to toll the statute of limitations.

122.    Tessera's claims under the Sherman Act and Texas Business and Commerce Code fail for lack of a relevant market.

123.    Tessera's claims under the Sherman Act and Texas Business and Commerce Code fail because of Infineon's and/or Micron's lack of market power.

124.    Because Tessera's allegations regarding Rambus and/or the adoption of RDRAM as the mainline product are derivative of claims of Rambus, Infineon has been irrevocably prejudiced by Rambus's spoliation of evidence, and Tessera is likewise estopped from asserting any claims based on such allegations.

125.     Upon information and belief, at certain times relevant to the Amended Complaint Rambus had a financial interest in Tessera.  Tessera's tortious interference claims are based on the same allegations Tessera relies on to support its antitrust claims, *i.e.*, allegations that Defendants boycotted Rambus's DRAM technology.  Rambus has destroyed documents relevant to these allegations.  Rambus's spoliation materially prejudices the Defendants' ability to defend Tessera's tortious interference claim, and Tessera should not be allowed to benefit from Rambus's spoliation.

126.     Tessera's claims are barred, in whole or in part, for failure to join indispensable parties.

127.     Tessera's claims are barred, in whole or in part, because any and all injuries and damages alleged in the Amended Complaint — the existence and extent of which Infineon expressly denies — were directly and proximately caused by or contributed to by the statements, acts and/or omissions of plaintiff and/or third persons or entities apart from Infineon.

128.     Tessera's claims are barred, in whole or in part, because any and all injuries and damages alleged in the Amended Complaint — the existence and extent of which Infineon expressly denies — were caused by the independent conduct of one or more persons and or entities over whom Infineon had no control and for whose actions/omissions Infineon is not responsible.

129.     Tessera's claims are barred, in whole or in part, because plaintiff's claimed injuries and damages — the existence and extent of which Infineon expressly denies — were not proximately caused by any acts or omissions of Infineon.

130.     Tessera's claims are barred, in whole or in part, by plaintiff's acquiescence and confirmation of any and all conduct and/or omissions alleged as to Infineon.

131.    Tessera's claims are barred, in whole or in part, because any action taken by or on behalf of Infineon was justified, constituted bona fide business competition, and was taken in pursuit of its legitimate business interests and, therefore, is privileged.

132.    Tessera's claims are barred, in whole or in part, because any and all of Infineon's conduct has been reasonable and based on independent, legitimate business and economic justifications.

133.    Tessera's claims are barred, in whole or in part, because plaintiff has failed to take all necessary, reasonable and appropriate actions to mitigate the injuries and damages alleged in the Amended Complaint — the existence and extent of which Infineon expressly denies.

134.    Tessera's claims are barred, in whole or in part, because plaintiff has not suffered actual, cognizable injury under the antitrust laws.

135.    Tessera's claims are barred, in whole or in part, because Tessera has no injury or damage as a result of the matters alleged in the Amended Complaint.

136.    Tessera's claims are barred, in whole or in part, because any actions taken by Infineon did not lessen competition in any relevant market.

137.    Tessera's claims are barred, in whole or in part, because plaintiff would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Amended Complaint.

138.    The relief sought by Tessera is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

139.    Infineon reserves the right to assert any additional defenses.

## DEMAND FOR JURY TRIAL

140.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Infineon demands a

trial by jury on all issues so triable.


Dated:  July 28, 2005

By: _____
    Gregory S. Arovas (admitted *pro hac vice*)
    Thomas D. Pease (admitted *pro hac vice*)
    KIRKLAND & ELLIS LLP
    Citigroup Center
    153 East 53rd Street
    New York, New York  10022
    Telephone:  (212) 446-4800
    Facsimile:  (212) 446-4900

    Thomas J. Lang (admitted *pro hac vice*)
    Kirkland & Ellis LLP
    655 Fifteenth St.
    Washington, DC  20005-5793
    (202) 879-5000
    (202) 879-5200 (Facsimile)

    Eric M. Albritton
    Texas State Bar No. 00790215
    Albritton Law Firm
    P.O. Box 2649
    Longview, Texas 75606
    (903) 757-8449
    (903) 758-7397 (Facsimile)
    ema@emafirm.com

    Attorneys for Defendant
    Infineon Technologies AG
    Infineon Technologies North America Corp.
    Infineon Technologies Richmond, LP.

25

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 28th day of July, 2005.

_____
Eric M. Albritton