UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., a Delaware corporation, MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation, INFINEON TECHNOLOGIES RICHMOND, LP, a Delaware corporation, and INFINEON TECHNOLOGIES NORTH AMERICA CORP., a Delaware corporation, <br><br> Defendants. | Civil Action No. 2-05cv-94 <br><br> The Honorable Leonard Davis <br><br> Jury |

## FREESCALE SEMICONDUCTOR, INC.'S MOTION FOR PROTECTIVE ORDER

1. Infineon Technologies AG ("Infineon") has given notice to Freescale Semiconductor, Inc. ("Freescale") of its intention to produce a confidential patent license agreement between Freescale and Infineon in the above-identified case under the terms of the protective order entered on July 29, 2005.

2. The protective order entered on July 29, 2005, allows disclosure of confidential information to designated house counsel, which includes house counsel for Tessera, Inc., ("Tessera") and Micron Technology, Inc. ("Micron").

3. Freescale objects to the production of the patent license agreement under the terms of the July 29, 2005 protective order to the extent that it allows disclosure of confidential information to anyone other than outside counsel representing the parties to this litigation matter,

including but not limited to Tessera's designated house counsel: 1) Chris Pickett, Senior Vice President of Licensing and General Counsel; and 2) Scot Griffin, Vice President of Intellectual Property and Licensing.

4. Freescale is currently in patent licensing negotiations with Tessera's house counsel and disclosure of its patent licensing agreement with Infineon could prejudice Tessera's discussions with Freescale.

5. Freescale understands that counsel for Infineon and Tessera are currently drafting an amended protective order, which would permit disclosure of confidential information to outside counsel eyes only, but protective order will not be filed prior to Freescale's deadline to reserve its right to an objection.

## PRAYER

For these reasons, Freescale asks the Court to enter a protective order that will limit production of the confidential patent license agreement between Freescale and Infineon to outside counsel eyes only and for such other and further relief as Freescale may show itself justly entitled.

Dated: September 19, 2005

Respectfully submitted,

Peter M. Roossien
State Bar No. 00791567

FREESCALE SEMICONDUCTOR, INC.
7700 W. Parmer Lane, MD: PL02
Austin, Texas 78729
512.996.4289 direct

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the court and served via facsimile this 19th day of September 2005 on the following.

**Counsel for Infineon Technologies, AG**

Benjamin R. Ostapuk
Kirkland & Ellis
555 California Street
San Francisco, California 94104
415.439.1500 facsimile

Michael J. Munn
Guenther Stang
Infineon Technologies, AG
1730 North First Street
San Jose, California 95112-4508
408.501.2488 facsimile

**Counsel for Tessera, Inc.**

Chris Pickett
Scot Griffin
Tessera, Inc.
3099 Orchard Drive
San Jose, CA 95134
408.894.0768 facsimile

**Counsel for Micron, Inc.**

David J. Kaplan
John F. Paschke
David A. Ashmore
Micron Technology, Inc.
8000 S. Federal Way, Mail Stop 507
P.O. Box 6
Boise, Idaho 83716-9632
208.368.4540 facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

TESSERA, INC.,

    Plaintiff,

v.

MICRON TECHNOLOGY, INC., a
Delaware corporation, MICRON
SEMICONDUCTOR PRODUCTS, INC., an
Idaho corporation, INFINEON
TECHNOLOGIES RICHMOND, LP, a
Delaware corporation, and INFINEON
TECHNOLOGIES NORTH AMERICA
CORP., a Delaware corporation,

    Defendants.

Civil Action No. 2-05cv-94

The Honorable Leonard Davis

Jury

## ORDER

On this \_\_\_\_ day of _____, 2005, the court considered Freescale Semiconductor, Inc.'s Motion for Protective Order and is of the opinion that such motion shall be and is hereby GRANTED. Documents produced by Freescale Semiconductor, Inc. shall be confidential and limited to review by outside counsel retained by parties to the above referenced litigation matter.

**IT IS SO ORDERED.**

Dated: _____

                                              The Honorable Leonard Davis
                                              United States District Court